MINNESOTA LINSEED OIL COMPANY *vs.* JOHN MAGINNIS.

June 12, 1884.

Chattel Mortgage—Growing Crops.—A chattel mortgage of crops to be grown by the mortgagor on land owned or possessed by him, is valid. A certain instrument *held* to be a chattel mortgage.

Same—Threatened Sale by Mortgagor—Injunction.—A mortgagee in a chattel mortgage, in an action against the mortgagor after condition broken, praying for an injunction restraining the latter from disposing of the property, and that the amount he is entitled to recover be adjudged a lien thereon, and for such other or further relief as may be just, etc., is not entitled to a temporary injunction to restrain a threatened sale of the property, because he has an adequate remedy by replevin.

Practice—Relief—Prayer in Complaint.—A plaintiff cannot, if there be no answer, have more than the specific relief prayed for in the complaint.

Appeal by defendant from an order of the district court for Stevens county, *Brown,* J., presiding, refusing to dissolve a temporary writ of injunction.

The instrument referred to in the opinion was in the following form:

"$162.00.                                        MORRIS, May 26, 1882.

"For value received, and in consideration of ninety bushels of prime, clean flaxseed, the receipt whereof is hereby acknowledged by me, John Maginnis, of section seven, town of ———, county of Stevens, State of Minnesota, I promise to pay to the Linseed Oil Company of Minneapolis, Minnesota, or its order, the sum of $162, on or before the first day of October, 1882, with interest at ten per cent. per annum from date until paid.

"It is further agreed and understood that all of said seed is sold and advanced to me for the purpose of sowing on suitable and well-prepared ground, which I agree to do this present season, without any warranty, either express or implied, as to the quality of said seed; and in consideration of such advance I hereby agree to carefully har-

v.32—13

vest and deliver all my crop of flaxseed, well cleaned and in prime order, to the agent of the above-named company, at Morris, before the first day of December, 1882, at 35 cents per bushel below the average Chicago market price at time of delivery, which said company agrees to pay me for said seed on the basis of 56 pounds to the bushel of prime, clean flaxseed delivered as above. And that the following table shall be the basis in determining the quality and grade of said seed: * * (giving a table of weights and grades.) And I further agree to collect of its agent, at the time of delivery, all amounts that may be due me for flaxseed, and hold the said company harmless for failure to do so.

"For the purpose of securing the payment of the sum of money above-mentioned, and also as security for the delivery of the crop of flaxseed as above stated, I hereby grant, sell and convey unto the said Minnesota Linseed Oil Company the following-described goods and chattels, to wit: My entire crop of flaxseed raised during this year from said seed. To have and to hold the same forever. And I will forever warrant and defend the same against all persons whomsoever. Upon condition, however, that if I shall pay the Minnesota Linseed Oil Company the sum of money hereinbefore mentioned as the price of the seed advanced, and shall further well and faithfully perform the contract hereinbefore mentioned for the delivery of the entire crop of flaxseed, in accordance with the terms of said contract, then these presents to be void, otherwise to be in full force and effect. Should suit be brought for the collection of this note or the enforcement of this contract, a reasonable attorney's fee shall be added to the principal and interest as part of the judgment, with other costs.

"And I further agree that should I, in any manner, dispose of any of the crops of flaxseed raised under the above contract to any party other than the said company or its agent, to forfeit and pay to said company fifty cents per bushel for every bushel so disposed of, as liquidated damage for so doing.

"Witness my hand this 26th day of May, 1882.

"JOHN MAGINNIS."

*Brown & Chew*, for appellant.

*L. C. Spooner*, for respondent.

GILFILLAN, C. J.[1] Appeal from an order refusing to dissolve a temporary writ of injunction. The injunction was issued before the time to answer expired, upon the complaint, and an affidavit supporting its allegations, and restrained the defendant until the further order of the court from selling or disposing of certain flaxseed. The relief prayed in the complaint is that defendant be enjoined from selling or otherwise disposing of the flaxseed; that the amount plaintiff is entitled to recover in the action be adjudged and declared a specific lien on the flaxseed, and such other or further relief as to the court shall seem meet in the premises. The plaintiff's rights in the flaxseed depend on an instrument in writing executed by defendant, by which, in consideration of a certain amount of flaxseed furnished him by plaintiff, he promised to pay plaintiff, at a time certain, $162 and interest; to sell and deliver to plaintiff, at a certain sum below the average Chicago maket price at the time of delivery, all the crop of flaxseed raised from that deliverd to him by plaintiff; and by which, as security for the payment of said sum and delivery of said crop, he did "grant, sell, and convey" to plaintiff his entire crop of flaxseed raised during the year from the seed furnished him, upon condition that if he should pay said sum of money, and well and faithfully perform the contract for the delivery of the flaxseed, the sale should be void. It also provided that should defendant dispose of any of the flaxseed to any one but plaintiff, he should pay plaintiff, as liquidated damages therefor, 50 cents per bushel for every bushel disposed of. Within the proper time the plaintiff duly filed a copy of this instrument in the proper town clerk's office. The complaint alleges breaches of the contract by failure to pay the $162 when due, and the refusal to deliver the flaxseed, and a sale of about 450 bushels by defendant to others, and that he threatens to, and unless restrained will, dispose of the remainder to others, and that he is insolvent.

The instrument is a chattel mortgage, both at law and in equity. The common-law rule that no interest could vest by an assignment of chattels not *in esse*, did not apply to crops to be raised by the assignor on land then owned by him or in his possession. *Conderman*

---

[1]Dickinson, J., because of illness, took no part in this decision.

v. *Smith,* 41 Barb. 404; *Arques* v. *Wasson,* 51 Cal. 620; *McCarty* v. *Blevins,* 5 Yerg. (Tenn.) 195; 1 Pars. Cont. 523; *Sanborn* v. *Benedict,* 78 Ill. 309; *Congreve* v. *Evetts,* 26 Eng. Law & Eq. 493. It would also have the effect of a chattel mortgage under the statute. Gen. St. 1878, c. 39, §§ 21, 22, 23, 24. The plaintiff had the right, certainly after condition broken, to take possession of the flaxseed,— a right which it could enforce by action in replevin. For the mere preservation of the property, and to prevent its being disposed of by defendant, there was no necessity for the injunction, for it had a more adequate and speedy remedy by the action in replevin, if possession was refused to it. And an injunction will not issue where there is a complete and speedy remedy by an ordinary action. Had the plaintiff brought its action to enforce its lien by foreclosure of the mortgage, as it might have done, a temporary injunction to restrain the threatened sale by defendant to others might have been proper, for such sale would have tended to render the judgment ineffectual. Not having asked for a foreclosure, though the facts set up in the complaint show it entitled to one, it cannot, unless there is an answer,—and there was none when the injunction was granted,—have judgment of foreclosure. Gen. St. 1878, c. 66, § 267. It cannot, in the case made by the complaint, have judgment for the permanent injunction prayed for, because that case shows that there is no necessity for one, the plaintiff having another adequate remedy. And no temporary injunction can be issued merely in view of the prayer that the court adjudge the amount plaintiff is entitled to recover a lien on the flaxseed, for the retaining the property in the hands of the defendant is not at all essential to that relief. It would, undoubtedly, be convenient to a subsequent foreclosure *in pais* of the mortgage by the plaintiff; but, so far as the relief prayed for shows, plaintiff relies on its ability to make such foreclosure without any aid from the court.

There was, therefore, no case for a temporary injunction made by the complaint and the supporting affidavit, and it should have been dissolved.

Order reversed.