### WHEELER v. BECKER.

1. **Chattel Mortgage**: DESCRIPTION: NOTICE.  The mortgaged chattels were described as follows:  "One bay horse, seven years old, weight 1,150; one bay mare, nine years old, weight 1,250."   *Held* sufficient, in connection with a provision that the property was to remain in the hands of the mortgagor, to give notice, when recorded, to third parties.  (Compare *Smith v. McLean*, 24 Iowa, 322.)

2. ————: CROPS TO BE RAISED.   A mortgage on crops to be raised in the future is valid, and it attaches to the property when it comes into existence, and imparts notice, when recorded, of the lien of the mortgage.  *Scharfenburg v. Bishop*, 35 Iowa, 60, and other cited cases, followed in principle.

*Appeal from Cerro Gordo District Court.*

FRIDAY, APRIL 23.

ACTION of replevin.   There was a judgment upon a verdict for plaintiff.   Defendant appeals.   The facts of the case appear in the opinion.

*Blythe & Markley*, for appellant.

*Glass & Hughes*, for appellee.

BECK, J.—I.   Plaintiff claims possession of the property in question under a chattel mortgage executed by one Mott.

**1. CHATTEL mortgage: description: notice.** Defendant, who is a constable, levied upon it, on execution issued on a judgment in favor of another creditor. The questions arising in the case involve the sufficiency of the mortgage to bind the property. The mortgage described the property in controversy in the following language: "One bay horse, seven years old, weight 1,150; one bay mare, nine years old, weight 1,250; * * *" and "all crops to be grown or raised" by the mortgagor, in 1884, on certain land described according to the congressional surveys. The property replevied is the horses alleged to be covered by the foregoing description, and a quantity of oats in the stack and shock. The mortgage declares that until default in the payment of the debt secured, or the removal of the property, it "shall remain in the possession of said Mott."

II. Counsel for defendant maintain that the mortgage does not bind the property, for the reason that it is void for uncertainty and insufficiency of description. The instrument in effect declares that the property is in possession of the mortgagor. The specific description given, with the further fact shown by the mortgage that the property is in possession of the mortgagor, is sufficiently certain, and the mortgage binds the property. This position is strictly in accord with *Smith v. McLean*, 24 Iowa, 322, and numerous cases decided by this court following that decision.

III. Counsel further contend that the mortgage does not bind the oats sown and raised after its execution, for the **2. ——: crops to be raised.** reason that it is not competent to convey by mortgage crops to be raised in the future by the mortgagor. This court has held that a chattel mortgage providing that after-acquired property shall be transferred thereby is valid, and such property, upon its acquisition, becomes subject thereto. *Scharfenburg v. Bishop*, 35 Iowa, 60; *Brown v. Allen*, Id., 306; *Stephens v. Pence*, 56 Id., 257. This doctrine must be regarded as the settled rule of this state. Counsel for defendant object to the rule for the

reason that, as the property was not in existence at the time the mortgage was executed, the registry which is intended to take the place of possession in imparting notice could not be effective, as possession was impossible, the goods being not *in esse*. But it does not follow that the mortgage would not be effective and attach to the property when it did come into existence, and would not then impart notice of the incumbrance. The case is not wholly unlike the conveyance of land by a deed of warranty in which the grantor has no title. If he afterwards acquires the title, the land will pass under his prior deed. So, in this case, while there was nothing upon which the mortgage could operate at the time of its execution, it did attach to the property when it came into existence.

The case of a mortgage upon future crops, it has been suggested, may possibly be distinguished from *Scharfenburg v. Bishop*, *supra*, by the consideration that a stock of goods was conveyed by the mortgage in that case, and future additions thereto were covered by the express language of the instrument. See *Muir v. Blake*, 57 Iowa, 662. It is suggested that, "as the stock of goods is in the nature of a continuing entity," the mortgage attaching thereto would continue though parts of the entity should be changed. But this view is readily answered by the consideration that the mortgage in that case, as well as in this, was intended to and did actually attach to the separate articles described and conveyed, and that the term "stock of goods" was used in that case as a description of the property conveyed. In our opinion, it is impossible to distinguish these cases. The foregoing discussion disposes of all questions in the case.

The judgment of the district court must be

AFFIRMED.