PETER MILLER and others *vs.* McCORMICK HARVESTING MACHINE
COMPANY, impleaded, etc.

July 9, 1886.

Chattel Mortgage—Crops to be Grown.—*Minnesota Linseed Oil Co.* v.
*Maginnis,* 32 Minn. 193, (20 N. W. Rep. 85,) followed, as to the validity
of a chattel mortgage of crops to be grown upon land in the possession
of the mortgagor.

Same—Filing—Notice.—Under Gen. St. 1878, c. 39, §§ 2, 3, as the former
section is amended in Laws 1883, c. 38, such mortgage, when filed in the
proper office in the town, city, or village in which the land upon which
the crops are to be grown lies, is full and sufficient notice to all persons
interested of the existence and conditions thereof.

Plaintiff brought this action in the district court for Houston county,
to recover the possession of certain wheat, which had been raised by
one Donahoe, on his land, in the year 1884. The plaintiffs claim title
under a chattel mortgage given by Donahoe to the plaintiffs, on Oc-
tober 2, 1884, and filed on the same day. The defendant the Mc-
Cormick Harvesting Machine Co. claims title under a chattel mort-
gage given by Donahoe on July 9, 1883, on "all crops of every nat-
ure and kind to be placed" by Donahoe, during 1884 and 1885, on
the land upon which the wheat in controversy was raised, which
mortgage was duly filed for record in the town clerk's office on De-
cember 5, 1883. The action was tried by *Farmer,* J., without a jury,
who found, in addition to the above facts, that the plaintiffs had no
actual knowledge or notice of defendant's mortgage. Judgment was
directed for defendant the McCormick Harvesting Machine Co., from
which the plaintiffs appeal.

*N. P. & W. E. Colburn,* for appellants.

*G. W. Rockwell* and *H. R. Wells,* for respondent.

BERRY, J.     That a chattel mortgage of crops to be grown by the
mortgagor on land in his possession is valid, must be regarded as set-
tled in this court by *Minnesota Linseed Oil Co.* v. *Maginnis,* 32
Minn. 193, (20 N. W. Rep. 85.) And this brings us to the remain-
ing question in the case, viz., whether our statute as to filing chattel

mortgages is applicable to a mortgage of future crops the seed of which has not been sown at the time when the mortgage is executed, and which are therefore not then literally *in esse*. We think it is. The statute (Gen. St. 1878, *c*. 39, § 2, as amended by Laws 1883, *c*. 38, § 1) reads that "every such instrument [chattel mortgage] shall be filed in the town, city, or village where the property mortgaged is at the time of the execution of such mortgage." In a literal matter of fact sense, crops not *in esse* at the time of the execution of a mortgage cannot be said to be *then* in any place. But the statute (chapter 39) is intended to apply to *all* chattel mortgages. "*Every* mortgage," says section 1, and "*every* such instrument," says section 2. Clearly, it was the design of the legislature to provide, as respects chattel mortgages in general, an effectual way of dispensing with actual delivery of the mortgaged property as notice of the mortgagee's rights, and to substitute filing in a public office in its place, and with like effect. *Keenan* v. *Stimson*, 32 Minn. 377, (20 N. W. Rep. 364.)

The statute also proceeds upon the idea that all property which can be the subject of a chattel mortgage has, in contemplation of law, a *situs;* that is to say, that it is in some town, city, or village in which the mortgage can be filed. Now, while the general principle is that the subject of a conveyance, in mortgage or otherwise, must be something *in esse*, the theory upon which chattel mortgages of crops to be grown are supported is that they are property having a *potential* existence, and that, the mortgagor being in possession of the land upon which they are to be grown,—that is to say, of the agent which is to produce them, and which has a fixed *situs*,—he has a present vested right to have the crops when they come into actual existence. Jones, Chat. Mortg. §§ 140, 144; *Farmers', etc., Co.* v. *Long, etc., Co.*, 27 Hun, 89–91; *Van Hoozer* v. *Cory*, 34 Barb. 9; and see *Wheeler* v. *Becker*, 68 Iowa, 723, (28 N. W. Rep. 40.)

Assuming, as must be done, under the law as settled by this court in *Minnesota Linseed Oil Co.* v. *Maginnis, supra*, that chattel mortgages of future crops are valid, and therefore embraced in that general term as used by the legislature in chapter 39, *supra*, it would appear to follow that the *potential existence* spoken of must be taken to have been the *existence* which the legislature had in mind, as respects

such mortgages, when it provided for the filing of chattel mortgages in the town, city, or village where the property mortgaged *is* at the time of the execution of the mortgage. If it be thought that this is somewhat metaphysical, it may be answered that the doctrine of *potential existence* upon which chattel mortgages of this character rest is equally so, and that, when the idea of such potential existence is once admitted, the consequence indicated appears not illogically to follow. The result is that under section 3, chapter 39, *supra,* a chattel mortgage of crops to be grown, when filed in the proper office in the town or city in which the land upon which they are to be grown is situated, is "full and sufficient notice to all parties interested of the existence and conditions thereof."

Judgment affirmed.