Louis A. Normandin and Wife *vs.* Safford Mackey and another.

## May 14, 1888.

**Injunction—Threatened Foreclosure of Paid Chattel Mortgage.**—That the mortgagee in a chattel mortgage that has been paid, the property remaining in the possession of the mortgagor, threatens to foreclose and sell the property, is no ground for an injunction.

Appeal by plaintiffs from an order of the district court for Ramsey county, *Brill*, J., presiding, refusing an injunction.

*E. St. Julien Cox*, for appellants.

*Lusk & Bunn*, for respondents.

Gilfillan, C. J. The action is to have a chattel mortgage, executed by plaintiffs to defendants, adjudged to have been paid in full, and to have the same cancelled. The mortgage was upon a great many different articles of household furniture. From the complaint we infer that the property remains in the possession of the plaintiffs, and that the time for payment is past. It alleges only that the mortgage debt has been fully paid, but that the defendants threaten to take the property and sell it, to foreclose the mortgage. The plaintiffs made application, upon an order to show cause, for an injunction pending the action, restraining the defendants from selling the property. It does not appear that the plaintiffs will have any difficulty in proving the allegation of payment, if true, in any form of action. If it be true, defendants can have no lawful means to take the property from plaintiffs, and any disturbance of their possession would be a wrong for which the law will afford them an ample remedy, either by action for trespass, or for conversion, or in replevin. The most that can be made of their complaint is that defendants threaten to commit a trespass upon their personal property. Having in that event a complete and adequate remedy by an ordinary action, injunction will not issue. *Minn. Linseed Oil Co.* v. *Maginnis*, 32 Minn. 193, (20 N. W. Rep. 85;) *Bushnell* v. *Avery*, 121 Mass. 148.

Order affirmed.