Norris v. Hix.

*5. relative weight of opinions of experts.*

---

NORRIS v. HIX.

1. **Chattel Mortgage**: CROPS NOT YET GROWN: VALIDITY. A mortgage of crops to be grown in the future is valid.

2. ——: OF CROPS "GROWN" IN A CERTAIN YEAR: MEANING. A mortgage made in March, 1886, of "crops grown during the year 1886," will hold the crops afterwards raised in that year.

3. ——: VALIDITY: OTHER SECURITY: LENIENCY TO MORTGAGOR. In an action involving the validity of a chattel mortgage, evidence offered by defendant to prove that the mortgagee had other security, and that he had permitted the mortgagor to sell some of the chattels and convert the proceeds, was properly excluded as immaterial.

4. ——: ENFORCEMENT BY MORTGAGEE: DEBT ASSIGNED: PARTIES. The fact that the note secured by a chattel mortgage bears an assignment on its back will not defeat an action to enforce the mortgage, where it appears that the assignment was made to secure a debt which has been paid, and that the plaintiff is now the owner of the debt.

5. **New Trial**: NEWLY-DISCOVERED EVIDENCE: LACHES. After a verdict had been rendered for the value of a lot of oats, defendant had them weighed, and found that they were of less value than found by the jury. *Held* that, as this newly-discovered evidence of their value was ascertainable before the trial, it was no ground for a new trial.

*Appeal from Story District Court.* — HON. D. D. MIRACLE, Judge.

FILED, MAY 24, 1888.

ACTION for the recovery of specific personal property. Judgment for plaintiff. Defendant appeals.

*Dyer & Fitchpatrick* and *J. F. Martin,* for appellant.

*C. H. Balliet,* for appellee.

REED, J.—The property in controversy is a quantity of oats raised by John Reeve in the year 1886. On the eleventh day of March of that year, Reeve executed to plaintiff his promissory note for fifteen hundred dollars, and to secure the same gave a chattel mortgage on "all crops of every kind and description grown, during the year 1886, on the following premises, to-wit, the northeast quarter of section twenty-eight (28), and the east half of the southwest quarter of the northeast quarter, and the northeast quarter of the southeast quarter, of section twenty-one (21), in township 84, range 21, Story county." On the twelfth of May following, he executed to the First National Bank of Nevada his promissory note of three hundred and thirty dollars, and to secure the same gave a chattel mortgage on all personal property and crops on the same premises. That mortgage, however, provides that it shall be subjected to all other liens on the property. The oats in question were grown on the premises described in the mortgages, but they were sown after plaintiff's mortgage was executed. After they were harvested and threshed, defendant, who was then the

owner of the second mortgage, seized them under that mortgage. In addition to a general denial, he pleaded that plaintiff's mortgage was without consideration; that it was given for the fraudulent purpose of hindering and delaying creditors; and that the debt secured by it had been fully paid.

I. The district court ruled that plaintiff would be entitled to recover upon proof that his mortgage was given as security for an existing debt, and that some portion of the debt remained unpaid, unless the allegation of fraud was established. The exceptions urged by counsel to that ruling are : (1) That, as the property was not *in esse* when the mortgage was given, it was not the subject of sale, and consequently the instrument was void from the beginning; and (2) the description contained in the mortgage, to-wit, "all crops grown, during the year 1886, on the * * * premises," does not cover or include crops not then planted or grown. The first objection is disposed of by the holding of this court in *Wheeler v. Becker*, 68 Iowa, 723; *Scharfenburg v. Bishop*, 35 Iowa, 60; *Brown v. Allen*, 35 Iowa, 306; and other cases. We think, also, that the second objection is not well taken. If the language of the description were to be taken literally, and the interpretation was not aided by the circumstances, perhaps the position of counsel could be maintained. Literally, the words made use of are descriptive of crops already grown, rather than those to be grown; and, if the instrument had been executed near the end of the year, that meaning would be attributed to them. But every one knows that crops could not have been grown on the premises, in the year 1886, before the date of the mortgage, and it is absolutely certain that the parties never intended that it should cover crops then grown. The rule, generally expressed, undoubtedly is that "a chattel mortgage will not be deemed to cover after-acquired property, unless the intention that it should is clearly expressed." Jones, Chat. Mortg. sec. 160; *Lormer v. Allyn*, 64

1. CHATTEL mortgage: crops not yet grown: validity.

2. ——: of crops "grown" in a certain year: meaning.

Iowa, 726; *McArthur v. Garman,* 71 Iowa, 34. But that rule is applicable to cases where the language of the instrument is capable of application to property in possession at the time, and it ought not to obtain where its effect would be to defeat the manifest intention of the parties, as gathered from the language, and aided by the circumstances under which it was used, which would be its effect in this case if we were to hold it applicable; for it is manifest that it was the intention of the parties that the mortgage should cover the crops to be grown on the premises during that year. There was no other subject to which it possibly could have applied.

II. The court excluded evidence offered by defendant to prove that plaintiff had other security than the mortgage for the debt; also that he had permitted Reeve to sell some of the mortgaged property, and convert the proceeds.

3. ——: validity: other secur ity: leniency to mortgagor.

The rulings are correct. It could make no difference that plaintiff had other security. His mortgage, if valid, gave him the right to the possession of the particular property in question, regardless of whether he had other security or not. Nor would his right of possession be defeated by the fact that he had waived or relinquished his lien on other portions of the property.

III. An assignment of plaintiff's note and mortgage to Briggs & King was indorsed thereon. Defendant moved the court to direct a verdict in his favor on the ground that it was shown by the assignment that plaintiff was not the owner of the note and mortgage, and consequently was not entitled to the possession of the property, but the motion was overruled. This ruling is also correct. The evidence showed that Reeve was indebted to Briggs & King, and that plaintiff was his surety, and the note and mortgage were assigned to them as additional security. That debt, however, had been paid; and Briggs & King, on its payment, delivered the instruments back to plaintiff. The effect of the assignment was to divest plaintiff of the title to the securities. But

4. ——: enforce ment by mort gagee: debt assigned: parties.

when the object of the assignment was accomplished, and they were delivered back to him, he again became the owner of them, and entitled to all the rights which accrued under them.

IV. The verdict determined the value of the property, and plaintiff elected to take a money judgment . for the amount. One of the grounds of the

5. New trial: newly-discovered evidence: laches. motion for a new trial is that, since the verdict, defendant had caused the oats to be weighed, and that the quantity, as ascertained by weighing, was less than was shown by the evidence on the trial, and consequently was of less value than found by the jury. But this affords no ground for a new trial. The evidence of the fact was as attainable before as after the trial. It was defendant's fault that it was not produced upon the trial, and the courts will not grant a party a new trial simply to afford him an opportunity to introduce evidence which was attainable, and could have been introduced, on the first trial.

We find no error in the record, and the judgment will be                               AFFIRMED.