[No. 13048. In Bank. — September 13, 1889.]

A. DE COSTA, RESPONDENT, *v.* A. M. COMFORT, AP-
PELLANT.

CHATTEL MORTGAGE — CONVERSION OF MORTGAGED PROPERTY — LIABILITY OF CONVERTOR FOR MORTGAGE DEBT. — One who converts personal property subject to a chattel mortgage is liable to the mortgagee for the full amount due under the mortgage, including interest and attorney's fees provided for therein.

ID. — PURCHASER OF MORTGAGED PROPERTY — PROMISE TO PAY MORTGAGE DEBT. — A purchaser of the mortgaged property from the mortgagor, under an agreement whereby he promises to pay the mortgage debt from the proceeds of its sale, is liable therefor to the mortgagee on his express promise.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion of the court.

*Baldwin & Campbell,* and *Edward I. Jones,* for Appellant.

Upon the facts as found, there was no tortious conversion or other tort by the defendant. (Civ. Code, secs.

2888, 2924; Jones on Chattel Mortgages, 454; *Hathaway* v. *Brayman*, 42 N. Y. 322; 1 Am. Rep. 524.)

*Carter & Smith*, for Respondent.

It constitutes conversion where one assumes control of the personal property of another, and sells or otherwise disposes of it without the owner's consent or authority. (*German National Bank* v. *Meadowcroft*, 95 Ill. 124; 35 Am. Rep. 137; *Thompson* v. *Currier*, 24 N. H. 237; *Shaw* v. *Peckett*, 25 Vt. 423; *Blood* v. *Sayne*, 17 Vt. 609.) The same rule obtains where one, as in this case, purchases, or assumes control of and sells, or in any way uses for his own benefit, personal property subject to a chattel mortgage, and thereby deprives the mortgagee of his security. (Civ. Code, sec. 3338; *Wilson* v. *Prouty*, 70 Cal. 196; *Sherman* v. *Finch*, 71 Cal. 68; *Berson* v. *Nunan*, 63 Cal. 550; *Heyland* v. *Badger*, 35 Cal. 411; *Case Thrashing-Machine Co.* v. *Campbell*, 14 Or. 460; *Williams* v. *Dobson*, 26 S. C. 110; *Laing* v. *Perrott*, 48 Mich. 298; Jones on Chattel Mortgages, secs. 445, 446, 490.)

WORKS, J.—This action was brought by the respondent against the appellant to recover the amount due him on a note given by one Hughes, and secured by a chattel mortgage, on the ground that the appellant had converted the mortgaged property to his own use. The court found for the respondent, and rendered judgment in his favor for the amount due under the mortgage, including interest and attorney's fees, as provided for therein. The appeal is from the judgment, and comes to us on the judgment roll.

The appellant contends that the action being for a tort, the plaintiff could not recover the attorney's fee, nor the interest from the time of the alleged conversion. We think otherwise. The property taken by the appellant was subject to the payment of the full amount due on the mortgage, and he, having converted the same to

his own use, must be held personally liable for the same amount. It would be a strange doctrine that would allow the mortgagor to relieve his property of a part of the debt for which he has pledged it by smuggling it into the hands of a third party, and that such third party could escape liability for the full amount by saying that his taking of the property was in the nature of a tort.

It is further contended that the taking by the appellant was not tortious. The court finds that the appellant, learning that an attachment was about to be issued against the property, which consisted of a lot of grain, informed Hughes of the fact, and requested him to transfer the same to him; that he did thereupon transfer to him 800 sacks of the wheat, at $1.30 per 100 pounds; that the appellant paid Hughes $5 on the wheat, and at the time agreed that the price of the wheat, *after paying plaintiff's mortgage,* should be applied to a certain note due by one of Hughes's creditors to the appellant, and that he took into his possession 373 sacks of the wheat not sold to him, making in all 1,173 sacks weighing 157,493 pounds; that the appellant sold the whole of the wheat to a certain corporation, and, with the consent of Hughes, paid the purchaser an amount due it, presumably from Hughes, and himself received the balance, amounting to $1,113.46.

As to the 373 sacks, this was a tortious taking of the property, as there was no purchase of it from Hughes. As to the wheat actually transferred by Hughes to the appellant, the court finds that it was under an express agreement that the respondent's mortgage should be first satisfied out of the proceeds to be derived from its sale, and the money due the respondent was converted to the appellant's use, if not the wheat. If it were not a tortious taking, the appellant, by his promise, bound himself to pay the respondent his money when the wheat was sold, and should be held to this promise. Whether

the taking be regarded as a tort or not, the findings clearly show a liability on the part of the appellant to the respondent in the full amount of the judgment.

There is no merit in this appeal.

Judgment affirmed, with twenty per cent damages.

McFARLAND, J., SHARPSTEIN, J., BEATTY, C. J., FOX, J., and THORNTON, J., concurred.

Rehearing denied.