WILLIAM B. CLOSE and another *vs.* L. F. HODGES and another.

July 25, 1890.

**Chattel Mortgage on Growing Crop.**—A chattel mortgage upon growing crops *held* valid, and the record thereof also constructive notice to the purchaser of the grain when harvested.

**Same—Rights of Mortgagee after Condition Broken.**—After condition broken, the mortgagee, unless it is otherwise stipulated, becomes immediately vested with the right of possession of the mortgaged property, and the purchaser in possession will be liable as for a conversion, upon his refusal to deliver the same on demand.

**Same—Liability of Purchaser from Mortgagor.**—This liability is not affected by the fact that the mortgage covered additional property which did not come into the hands of the purchaser, and has not been applied on the mortgage debt, or recovered by the mortgagee.

**Same—Consideration—Pre-Existing Debt.**—A pre-existing debt is sufficient consideration for a chattel mortgage as between the parties and their assigns.

**Same—Enforcement, when made to Agent.**—A mortgage and note, made directly to a party who is the agent of the equitable owner of the debt thereby secured, may be enforced in the name of such agent.

Appeal by defendants from an order of the district court for Pipestone county, *Perkins,* J., presiding, refusing a new trial after verdict of $274.55 for plaintiffs. The description in the chattel mortgage mentioned in the opinion is as follows: "All the crops now growing on the northeast ¼ 17–106–44, in Pipestone county, Minn., consisting of 57 acres of wheat, and 15 acres of oats, and 5 acres of corn, and 8 acres of flax; all the said property being now in the possession of

said first party in the town of Burke, county of Pipestone, and state aforesaid."

*Rice Bros.*, for appellants.

*F. L. Janes*, for respondents.

VANDERBURGH, J. The plaintiffs seek to recover the value of certain grain, wheat, and flax, described in the complaint, and claimed by them, and which they allege had been wrongfully converted by the defendants. On the 31st day of May, 1888, one H. G. Logan executed a chattel mortgage to Close Bros. & Co., a firm including these plaintiffs, and to whose rights and property they have succeeded, upon all the crops growing "on the N. E. ¼—17—106—44," then in the possession of the mortgagor, in the town of Burke, in Pipestone county, in this state, "consisting of 57 acres of wheat, 15 acres of oats, 5 acres of corn, and 8 acres of flax," and sown and raised by him thereon. The mortgagor resided on and cultivated the land that year. The mortgage was duly filed in the same town on the 4th day of June, 1888, and the grain was then owned by him. The mortgage was given to secure a note payable to Close Bros. & Co. or order, for the sum of $255.77, and due December 1, 1888. Early in October the same year, the mortgagor, having threshed the grain, sold and delivered to the defendants 77 bushels of flax and 261 bushels of wheat, amounting in value to more than the amount then due upon the mortgage. The plaintiffs duly demanded the grain of the defendants before suit brought, and they refused to deliver or pay for it. The plaintiffs were permitted to recover the amount due on the mortgage. The oats were also threshed by the mortgagor, but it does not appear what became of them or the corn included in the mortgage. The defendants purchased the wheat and flax at their warehouse, four miles distant from the mortgagor's residence, but had no actual notice of plaintiffs' mortgage.

1. The description in the mortgage was sufficient, and the plaintiffs had constructive notice thereof derived from the record, of which they were bound to take notice. They therefore bought the grain of the mortgagor subject to the mortgage. *Miller* v. *McCormick Harvesting-Machine Co.*, 35 Minn. 399, (29 N. W. Rep. 52.) The description therein was sufficient to notify them of the lien thereof upon the grain raised

by Logan on the land described, and the identity of the property was not lost by harvesting, threshing, and garnering, but the lien of the mortgage continued. This results from the fact that the mortgage was valid, and vested an interest in property *in esse,* which was not lost by severance of the crop and its removal from the land. *Minn. Linseed Oil Co.* v. *Maginnis,* 32 Minn. 193, (20 N. W. Rep. 85;) *Rider* v. *Edgar,* 54 Cal. 127; Jones, Chat. Mortg. § 69, and cases cited.

2. The mortgage contained a clause providing that if default should be made in the payment of the mortgage, or any attempt should be made to remove or dispose of the property, it should be lawful for the plaintiffs, mortgagees, to take possession thereof, wherever it might be found. After condition broken, the plaintiffs were not only vested with the title, but also the immediate right of possession of the mortgaged property; and the defendants, as vendees of the mortgagor, became liable as for a conversion of the grain sold to them, upon their refusal to deliver the same upon plaintiffs' demand. *Fletcher* v. *Neudeck,* 30 Minn. 125, (14 N. W. Rep. 513;) *De Costa* v. *Comfort,* 80 Cal. 507, (22 Pac. Rep. 218.)

3. The evidence shows that the debt which the mortgage was given to secure remained unpaid; and since it is neither alleged nor shown by defendants that any part of the security which did not come into their own hands has come into plaintiffs' possession, or can be reached by them, it is not material, in any view of the case, to consider the fact that the mortgage included additional security. *Norris* v. *Hix,* 74 Iowa, 524, (38 N. W. Rep. 395.)

4. The mortgage stands upon a sufficient consideration. The land therein described was held by the father of the mortgagor under a contract of purchase with the Southern Minnesota Land Company, of which plaintiffs were the managing agents, and was occupied and cultivated by the mortgagor, and this note and mortgage were given to secure back interest due under that contract, and were made directly to the plaintiffs. The pre-existing debt was sufficient to uphold the mortgage. Whether it would have been valid as against pre-existing creditors of an insolvent mortgagor it is not necessary to consider. It was good as against the mortgagor and his assigns. *Campbell* v.

*Tompkins*, 32 N. J. Eq. 170; *Paine* v. *Benton*, 32 Wis. 491; *McLaughlin* v. *Ward*, 77 Ind. 383.

5. The contract having been made directly with the plaintiffs, they are entitled to enforce it in their own names, and may be treated for the purposes of the action as trustees of an express trust. *Cremer* v. *Wimmer*, 40 Minn. 511, (42 N. W. Rep. 467.)

These are all the questions material in the case, and it follows that the order denying a new trial should be affirmed.