60  161.<br>60  399.

## BERLIN MACHINE WORKS v. SECURITY TRUST COMPANY.[1]

January 30, 1895.

No. 9178.

**Chattel Mortgage.**

Some four months after the making of an agreement to sell a chattel, and the delivery of it to the vendees, they signed and delivered to the vendor an instrument purporting to be a receipt for the chattel; stating that it was held by them as the property of the vendor, on a conditional sale to them, that title to it was not to pass until it was paid for, and agreeing to pay the purchase price. It further provided that on failure to pay the same the vendor shall have a right to take possession of the chattel, and remove and sell it, and pay the balance of the proceeds of the sale, above the claim of the vendor, to the vendees. *Held*, conceding that the sale to the vendees was absolute, and not conditional. and that this instrument would not divest a title once vested, it at least constituted an equitable

1 Reported in 61 N. W. 1131.

chattel mortgage, which gave to the vendor a lien on the chattel, and a right to take possession and enforce that lien.

**Same—Return of Instrument.**

After delivery of this instrument to the vendor, a return of it to the vendee for the sole purpose of having the signature witnessed did not avoid the instrument.

**Same—Consideration.**

A pre-existing debt is a sufficient consideration for such a chattel mortgage.

**Failure to Record—Avoidance by Receiver of Partnership.**

A receiver appointed in a suit by one partner against the others to dissolve the copartnership does not represent creditors, so as to be able to avoid such a lien because not filed of record as required by statute.

Appeal by defendant from an order of the district court for Ramsey county, Kelly, J., denying its motion for a new trial. Affirmed.

*Bramhall & Taylor*, for appellant.

*Edward H. Ozmun*, for respondent.

CANTY, J. The plaintiff agreed to sell a glue-jointing machine to the St. Paul School Furniture Company, a copartnership, for $350, and delivered the machine to said copartnership in April, 1893. Afterwards, in September, 1893, one of the partners commenced an action against the others to dissolve said copartnership and appoint a receiver of its assets; and such a receiver was appointed, with power to take charge of the property, and to conduct and manage the business, of said copartnership. Said receiver qualified, and took possession of this machine, with other property of said copartnership. Immediately thereafter, plaintiff commenced this action against the receiver for the recovery of the possession of said machine. On the trial the court below ordered a verdict for plaintiff, and from an order denying his motion for a new trial the receiver appeals.

1. It is claimed by plaintiff that the sale of the machine to the furniture company was a conditional sale, and that by its terms the title would not pass until the machine was paid for; that it never was paid for; and that there was default in the payment of the purchase price, which entitled plaintiff to possession. It is claimed by defendant that the sale was absolute, and title passed. From

the written order for the purchase of the machine, and the correspondence in relation thereto between the plaintiff and the furniture company, it is a question of some doubt whether or not the original transaction was a conditional or an absolute sale. But on August 14, 1893, some four months after the purchase of the machine, and after the purchase price was past due, the furniture company signed, and sent by mail to the plaintiff, an instrument purporting to be a receipt for the machine; stating that it was held by the furniture company as the property of the plaintiff, that title was not to pass until paid for, and agreeing to pay $350 therefor. It further provides: "In case of failure on our part to make payment in accordance with the conditions hereby specified, they shall, at any time after such default, have the right, and shall be allowed, peacefully to take possession of said machines, and remove them from our factory, and sell them; and whatever sum or sums may be received for them, in accordance with this agreement, above and beyond the amount of the claim of the Berlin Machine Works, shall be returned to the St. Paul School Furniture Co." Conceding that the sale was originally an absolute sale, as claimed by defendant, and that this instrument would not divest a title once vested, still the provision above quoted would make of it at least an equitable mortgage, giving the vendor a lien on the chattel for the purchase price, and a right to take possession and enforce his lien. The case of Domestic S. M. Co. v. Anderson, 23 Minn. 57, cited by appellant, is not in point. The instrument there in question could not be construed as a chattel mortgage, or as anything but a mere lease. The return of the instrument here in question by plaintiff to the furniture company, for the sole purpose of having it signed by witnesses to the signature, did not amount to a rescission of the agreement contained in the instrument, or a delivery up of the instrument for cancellation, as contended by appellant. A pre-existing debt is a sufficient consideration for such a chattel mortgage. Close v. Hodges, 44 Minn. 204, 46 N. W. 335.

This instrument was never filed of record. It is claimed by the receiver that he represents the creditors of the furniture company, and as to such creditors the instrument was void, because not so filed. We are of the opinion that this receiver does not, like an assignee or receiver in insolvency, represent creditors, so as to enti-

tle him to avoid this instrument because it was not so filed.    He represents merely the partners or the copartnership for which he was appointed receiver.

It does not alter the case that, subsequent to the commencement of this action, an order was made in that action for creditors to present their claims, or be barred from participating in the assets held by the receiver.

The order appealed from should be affirmed.    So ordered.