J. S. McMaster v. R. Emerson and George Stacy, Appellants.

Mortgage: on crops to be grown: *When lien attaches*. Before a chattel mortgage on crops to be grown in the future attaches, such crops must come into existence and be acquired by the mortgagor.

Defeated by lease of mortgagor. Where the mortgagor, in a chattel mortgage on crops to be grown in the future, leased the land, receiving full payment, the crops raised by such lessee cannot be subjected to the payment of the mortgage, as said mortgage, not being a lien on the land, did not prevent the leasing of it by the mortgagor, who thereafter retained no interest in the crops grown by the lessee.

*Appeal from Ringgold District Court.*—Hon. W. H. Ted-ford, Judge.

Friday, October 13, 1899.

Action to foreclose chattel mortgage. J. H. and D. E. Newman owned an eighty acres of land. To secure Muir the payment of two hundred and seventy dollars, they executed a real-estate mortgage thereon, and a chattel mortgage on certain stock, and "all the farm products of every kind and description, including corn, oats, hay, tame and wild pasture, millet and cornstalk pasture, to be planted, raised, and grown during the years 1895, 1896, 1897, and 1898, on the following described lands." These mortgages were assigned to the plaintiff. The land was sold, on foreclosure of a prior mortgage, in May, 1897. The Newmans, being indebted to Emerson in the sum of one hundred and twenty-six dollars, in satisfaction thereof gave him a lease of the land for that year. Emerson leased it to Stacy, who raised a large amount of corn thereon. Judgment was entered against Emerson and Stacy for the value of this corn, and they appeal.—*Reversed.*

*A. I. Smith* for appellants.

*Henry & Spence* for appellee.

Ladd, J.—The obstacle in the way of the recovery for the value of the corn raised on the land by Stacy is the fact that the Newmans never acquired any interest in it to which the mortgage attached. A chattel mortgage on crops to be grown in the future is upheld on precisely the same principle as that upon goods not owned by the mortgagor. *Wheeler v. Becker,* 68 Iowa, 724; *Norris v. Hix,* 74 Iowa, 526. Before the mortgage attaches, the crops in the one case, and the goods in the other, must come into existence and be acquired by the mortgagor. Unless so acquired, the mortgage never becomes a lien, since there is no interest of the mortgagor which he might have conveyed. As said by Mitchell, J., in a similar case, *Simmons v. Anderson,* 44 Minn. 487 (47 N. W. Rep. 52): "When a person takes a mortgage on property in being, he acquires only the interest which the mortgagor has in it; and if he, as in this case, takes a mortgage on the property not then in being, or owned by the mortgagor, it can attach only to such property as the mortgagor thereafter acquires. A chattel mortgage on crops to be thereafter grown gives the mortgagee no interest in, or lien upon, the land. It attaches as a lien only on the interest which the mortgagor may have in the crops when they come into being." The chattel mortgage, executed by the Newmans, not being a lien on their land, did not interfere with its sale or prevent them from leasing it. They did lease it to Emerson, receiving full payment, and he to Stacy. Under the circumstances, no one will say that the Newmans retained any interest whatever in the crops raised by Stacy. They never acquired, then, the property which they had previously mortgaged, and for this reason the mortgage never attached.—Reversed.