[Civ. No. 2245. Second Appellate District.—May 22, 1918.]

ROBERT MITCHELL, Appellant, v. F. G. WOOD,
Respondent.

Chattel Mortgage—Conversion of Mortgaged Property—Liability
For Debt.—One who converts personal property which is subject
to a chattel mortgage is liable to the mortgagee for the full amount
due under the mortgage.

Id.—Action for Conversion—Pleading—Sufficiency of Complaint.—
In an action for the conversion of a mortgaged automobile, an alle-
gation in the complaint "that said automobile was at said time and
ever since has been in the possession of the defendant" is not in-
consistent with the mortgagor's right to execute the mortgage, where
the complaint also alleges that defendant had no title or claim to
the property, since it must be assumed that defendant held the
automobile as agent or trustee of the mortgagor.

Id.—Mortgage of Property in Possession of Another — Right of
Owner.—The owner of personal property may execute a valid mort-
gage thereon, though the property at the time is in the actual pos-
session of another.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

Slosson & Mitchell, for Appellant.

Hyman Schwartz, for Respondent.

SHAW, J.—Action for the conversion of mortgaged prop-
erty. The appeal is from a judgment of dismissal entered
upon sustaining defendant's demurrer to the complaint.

It appears from the complaint that on July 1, 1915, one
Bertha M. Dailey was the owner of an automobile of the
value of $850, which she mortgaged to the plaintiff to secure
payment of her promissory note in the sum of three hundred
dollars; that at said time, and ever since, the automobile
was and has been in the possession of defendant, who at all
times mentioned had no right, title, or interest in the same
and was not entitled to its possession; that after default in
the payment of the note plaintiff, by a writing sufficient in
form and substance, demanded delivery of the possession of

the chattel, which demand was by defendant refused. By the terms of the mortgage, the plaintiff, on default by the debtor, was entitled to possession of the mortgaged property.

One who converts personal property which is subject to a chattel mortgage is liable to the mortgagee for the full amount due under the mortgage. (*De Costa* v. *Comfort*, 80 Cal. 507, [22 Pac. 218].) Respondent, while conceding the correctness of this proposition, insists that as an authority it is inapplicable to the instant case, for the reason that, as shown by the complaint, the conversion by defendant occurred prior to the time of the execution of the mortgage. This contention is based upon the allegation "that said automobile was at said time, and ever since has been, in the possession of the defendant." There is nothing in the fact so stated inconsistent with the mortgagor's right, as alleged owner, to mortgage the same. We must assume, since, as alleged, defendant had no right, title, claim, or interest therein, that he held the automobile as agent or trustee of the mortgagor. The owner of property may execute a valid mortgage thereon, notwithstanding the fact that the chattel may be in the actual possession of another. Until the mortgagee made default in the payment of the note, she, in person or through her agent, was entitled to possession of the automobile. The act of defendant after default in the payment of the note, when, having no right, title, or interest therein, he refused upon written demand of plaintiff to deliver the same to him, constituted a conversion of the property, and under the allegations of the complaint, if true, rendered him liable to plaintiff for the amount of the mortgage.

The ruling of the trial court, as we gather from respondent's brief, was based upon the assumption that the conversion occurred prior to the execution of the mortgage; whereas it appears from the complaint that Dailey at the time of the execution of the mortgage was the actual owner of the automobile, which at the time was in the possession of defendant, who had no right, claim, or title thereto, and the conversion occurred when he refused on demand to deliver the same to plaintiff, who, under the terms of the mortgage, was entitled to the property.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.