[L. A. No. 11885. In Bank.—April 26, 1933.]

LUCIE B. HOPKINS, Respondent, v. NELLIE G. ANDERSON et al., Defendants; J. W. HAHN et al., Defendants, Cross-Complainants and Appellants.

64

Sherman & Sherman and Austin Sherman for Appellants.

Ray Howard for Respondent.

PRESTON, J.—The District Court of Appeal, First Appellate District, Division One (opinion by Gray, J., *pro tem.*), disposed of this cause as follows:

"On April 5, 1928, respondent commenced in the superior court of Los Angeles county this action to foreclose a chattel mortgage, securing a note in the principal sum of $750, of which a balance of $550 was then due, owing and unpaid. The action was tried on January 30, 1929. Findings of fact and judgment were signed and filed on June 8, 1929. Appellants urge for reversal the alleged lack of jurisdiction in such superior court to foreclose the chattel mortgage, because the amount involved was less than $1,000.

"At the commencement of this action, the jurisdiction of the superior court was defined by article VI, section 5, of the state Constitution as follows: 'The superior courts shall have original jurisdiction in all cases in equity and in all cases at law, which involve the title or possession of real

property, or the legality of any tax, impost, assessment, toll, or municipal fine, and in all other cases, *except as hereinafter provided,* in which the demand, exclusive of interest, or the value of the property in controversy, amounts to three hundred dollars, and in all criminal cases amounting to a felony, and in all cases of misdemeanor *not otherwise provided for;* of actions for forcible or unlawful entry or detainer, *except as otherwise provided* in this article; of proceedings in insolvency; of actions to prevent or abate a nuisance; of all matters of probate; of divorce and for annulment of marriage; and of all such special cases and proceedings as are *not otherwise provided for;* and said courts shall have the power of naturalization, and to issue papers therefor.' (Italics ours.)

"There are four exceptions, each one of which can only limit the class next immediately preceding, for, if each limitation is extended to all preceding classes, a needless repetition occurs and an exception to an exception arises. It is a rule of statutory construction that a qualifying phrase is to be applied to the words or phrase immediately preceding. (36 Cyc. 1123.) Obviously, by reason of its context, position and punctuation, the first exception, that is, 'except as hereinafter provided', can only apply to the phrase 'in all other cases', and not the first class described as 'all cases in equity'. ■ An action to foreclose a chattel mortgage is a case in equity. (*Simon Newman Co.* v. *Woods,* 85 Cal. App. 360 [259 Pac. 460].) Hence the superior court, when the complaint was filed, had jurisdiction of its subject-matter.

■ "At the same time, section 11 of the same article provided: 'Municipal courts shall have original jurisdiction, except as hereinafter provided, . . . in cases to enforce and foreclose liens on personal property where the amount of such liens or the value of the property is one thousand dollars or less . . . ' From the inclusion of provisions as to chattel mortgages under the title of 'Liens' in the Civil Code (title XIV, secs. 2872 et seq.) it is apparent, as the code commissioners stated, that 'Mortgages are liens, and, under the provisions of this code, nothing more.' Hence it is clear that the municipal court had jurisdiction to foreclose a chattel mortgage of the amount here involved. Are these two

grants of jurisdiction concurrent or exclusive? ▮ The grant of original jurisdiction in the Constitution, to a particular court, of a class of cases, without any words excluding other courts from exercising jurisdiction in the same cases, does not necessarily deprive other courts of concurrent jurisdiction in such cases. (*Courtwright* v. *Bear R. & A. W. & M. Co.*, 30 Cal. 573; *Rosenberg* v. *Frank*, 58 Cal. 387.) There is nothing in section 11 which excludes the superior court of jurisdiction. Both sections were amended at the same time and therefore neither can be held to have repealed the other. Furthermore, since repeals by implication are not favored, it cannot be said that the latter section *pro tanto* repealed the former. (*Ex parte Dolan*, 128 Cal. 460 [60 Pac. 1094].) The jurisdiction of the superior court remains, unless it appears with unequivocal certainty that the people intended to take it away. (*McGregor* v. *Board of Trustees*, 159 Cal. 441 [114 Pac. 566].) We are satisfied, therefore, that both courts had concurrent jurisdiction at the time the action was commenced.

▮ "Thereafter and before trial, to-wit: on November 6, 1928, said section 5 was amended to read as follows: 'The superior courts shall have original jurisdiction in all civil cases and proceedings (except as in this article otherwise provided, and except, also cases and proceedings in which jurisdiction is or shall be given by law to municipal . . . courts); . . . ' The language within the parentheses clearly and certainly excluded the superior court from concurrently exercising jurisdiction as to matters confided to the municipal court by the terms of said section 11.

"Did this exclusion, however, prohibit the superior court from trying the present action of which it had jurisdiction when it was commenced? ▮ 'Constitutions, like statutes, are to be considered prospective and not retrospective in their operation, unless a contrary intention clearly appears.' (5 Cal. Jur. 561.) 'While it is the general rule that a cause of action or remedy dependent on statute falls with a repeal of the statute, even after the action thereon is pending in the absence of a saving clause in the repealing statute (*Callet* v. *Alioto*, 210 Cal. 65 [290 Pac. 438]; *Moss* v. *Smith*, 171 Cal. 777 [155 Pac. 90]; *People* v. *Bank of San Luis Obispo*, 159 Cal. 65 [Ann. Cas. 1912B, 1148, 36 L. R. A. (N. S.) 934, 112 Pac. 866]), it is equally well settled and

is a fundamental rule of statutory construction that every statute will be construed to operate prospectively and will not be given a retrospective effect, unless the intention that it should have that effect is clearly expressed. (*Callet* v. *Alioto, supra; Pignaz* v. *Burnett,* 119 Cal. 157 [51 Pac. 48] ; *Montecito County Water Dist.* v. *Doulton,* 193 Cal. 398 [224 Pac. 747].) ■ There is nothing in the 1929 amendment of section 29 of the Municipal Court Act, *supra,* indicating that it was intended to have a retroactive operation. The better reasoned cases, we believe, are those that support the view that the change in the appellate jurisdiction of the District Courts of Appeal, in so far as appeals from judgment of municipal courts are concerned, was not intended to apply retroactively, and hence does not take from the appellate courts jurisdiction of appeals perfected at the time the amendment became effective. In this connection see the cases of *Jones* v. *Summers,* 105 Cal. App. 51 [286 Pac. 1093], and *Harris* v. *Moore,* 102 Cal. App. 413 [283 Pac. 76].' (*Berg* v. *Traeger,* 210 Cal. 323, 325 [292 Pac. 495, 496].) The same reasoning, applied to the instant case, requires a holding that the superior court has jurisdiction to render judgment in the present action.

■ ''Appellants claim that the trial court erred in rendering a personal judgment against them for the amount due on the note, secured by the chattel mortgage, plus interest and attorney's fees, because their only interest in the litigation was that of subsequent encumbrancers. As the record consists solely of the judgment roll, consideration of this claim is limited to ascertaining whether the facts found support the judgment. (2 Cal. Jur. 690.) The liability of appellants is founded, if at all, upon the facts that J. W. Hahn, as mortgagee, with notice under a subsequent chattel mortgage given by the same mortgagor upon the same property, judicially foreclosed his mortgage, that E. M. Hahn, with knowledge, purchased the property for $1,000, and that both appellants subsequently sold the property to an unknown person. Respondent, although originally named as a defendant in this last-mentioned foreclosure, was dismissed hence before judgment. These facts, so found, sufficiently established appellants' conversion of the property and rendered them liable in damages therefor. (11 Cor. Jur., p. 591.) The measure of damages, as correctly applied by

the trial court, was the full amount due under the first mortgage, including interest and attorney's fees, provided for therein. (*De Costa* v. *Comfort*, 80 Cal. 507 [22 Pac. 218]; *Mitchell* v. *Wood*, 37 Cal. App. 329 [174 Pac. 677].) Since the sale price of $1,000 fixed the value of the property in excess of the amount due under the first mortgage, this measure was applicable. (*Sherman* v. *Finch*, 71 Cal. 68 [11 Pac. 847].) "

We hereby adopt the above opinion as a basis for our decision herein.

▉ Appellants, not satisfied, assert that the above holding ignores the express provisions of section 29, chapter 358, Statutes of 1925, which declare that as to liens on personal property of the value of $1,000 or less, jurisdiction to enforce same rests exclusively in the municipal court. However, we have found that under the sections of the Constitution above considered, such jurisdiction was concurrent between the superior and municipal courts. Manifestly, therefore, no mere statutory enactment could alter that relationship. However, it was in fact altered in 1928 by said amendment to section 5 of article VI of the Constitution, making the jurisdiction in such cases exclusive in the municipal court, and hence it is clear that the provisions of the statute, relied upon by appellants, are void. Nothing in the case of *In re Luna*, 201 Cal. 405 [257 Pac. 76], sheds any light upon this question.

The judgment is affirmed.

Langdon, J., Curtis, J., Shenk, J., Seawell, J., Thompson, J., and Waste, C. J., concurred.