Fawcett Investment Company, Appellant, v. Gunder Rullestad et al., Appellees.

No. 42252.

March 13, 1934.

Rehearing Denied September 18, 1934.

Carl M. Adams, and H. T. Fawcett, for appellant.

Harry Langland, for appellees.

Stevens, J.—The mortgage, which was duly foreclosed by decree of the district court entered on January 18, 1932, was executed by the mortgagor on April 5, 1930, to secure the payment of two notes, one for $850 and one for $250; both executed by Albert Chelswick to the appellant. The mortgagor died intestate on October 13, 1930. At the time of his death he was insolvent. The petition in this action to foreclose the mortgage was filed October 12, 1931. The mortgage contained the following clause: " * * * Also the grantors herein sell and convey all future rents, profits and crops accruing, grown or raised on the within described premises during the life of this mortgage."

The petition prayed for the establishment of the mortgage as a lien upon the real property described therein and for the appoint-

ment of a receiver to lease the premises and collect the rents accruing therefrom during the period of redemption. The court in its decree of foreclosure continued the hearing on the application for the appointment of a receiver and the foreclosure of the chattel mortgage until after the execution sale. The land was sold on execution on February 19, 1932, for $105.90, leaving a deficiency judgment of $1,198.79. Following the aforesaid sale, and on May 8, 1933, appellant filed additional application for the foreclosure of the alleged chattel mortgage and also asking the appointment of a receiver. To this application the administrators of the estate of Albert Chelswick filed answer, setting up that their decedent died intestate on October 13, 1930; that on the 28th day of said month they were appointed administrators of his estate; that the heirs of said decedent requested the administrators to take charge of the real estate and to rent the same and apply the proceeds to the payment of claims against the estate; that the application of the administrators was sustained, and they were authorized and empowered by the probate court to lease the said premises and collect the rents and apply the proceeds as requested. As a further defense to appellant's application, appellee administrators alleged that the 1931 and 1932 crops, which are here involved, came into being long after the death of the mortgagor and were raised by tenants of the estate. The court dismissed appellant's application, and refused the appointment of a receiver. It is from this ruling that the plaintiff appeals.

In addition to the material facts already stated, the parties, by stipulation, agreed that the estate of the mortgagor was insolvent; that the administrators had on hand the 1931 and 1932 leases for the mortgaged premises; that no cash rent had been collected, but that they had in their possession the proceeds derived from the sale of crops grown on the mortgaged premises.

The precise question which is determinative of the issues presented does not appear to have previously arisen in this or other jurisdictions. Recent years have been prolific of litigation involving the demands of mortgagees for the appointment of receivers in foreclosure actions, and there is, no doubt, both confusion and differences of opinion in judicial utterances dealing with the questions involved in such actions.

The instrument sought to be foreclosed is designated by appellant in his application for the appointment of a receiver as a

chattel mortgage. Similar instruments have been so interpreted and adjudicated in this state. Farmers Trust & Savings Bank v. Miller, 203 Iowa 1380, 214 N. W. 546.

It will be observed that the mortgagor died in October, 1930; that the issues and profits arising out of the land which are here involved accrued during the years 1931 and 1932. It is well settled in this state that a chattel mortgage upon crops to be grown is valid, but the lien, of course, cannot attach until the crops come into being. Norris v. Hix, 74 Iowa 524, 38 N. W. 395; McMaster v. Emerson, 109 Iowa 284, 80 N. W. 389.

All of the chattel property now involved was grown after the death of the mortgagor. It never came into existence during his lifetime. The controversy here presented does not involve an issue of priority between respective lien holders, but the question is: Did the lien of appellant's chattel mortgage, which was filed for record in the chattel mortgage records of the county where the crops were grown, upon the same coming into existence, become a lien thereon? Were they in any legal sense the crops of the mortgagor? It is the general rule that rents accruing after the death of the owner of real estate belong to the heirs or devisees as an incident to the ownership of the land. In re Estate of Dalton, 183 Iowa 1013, 168 N. W. 332; First Nat. Bank v. Murtha, 212 Iowa 415, 236 N. W. 433.

It appears to be the rule in some jurisdictions that the death of an attachment debtor before judgment dissolves the attachment. Such view is not the rule in this state. Lord v. Allen, 34 Iowa 281; Tetzloff v. May, 172 Iowa 617, 154 N. W. 905. It is provided by section 10957 of the Code of 1931 that all causes of action survive and may be brought notwithstanding the death of the person entitled or liable to the same. Such has been the law in this state since the Code of 1851. This precise question was involved in Tetzloff v. May, supra. This court there held that an attachment on real property is not dissolved by the death of the judgment defendant, and the lien which attached before the death of the debtor may be enforced by the substitution of the administrator or executor as defendants. Upon a prior appeal of the Tetzloff case, it was held that the widow's allowance for support was prior to the claims of the attaching creditors; judgment not having been entered during the lifetime of the husband. Tetzloff v. May, 151 Iowa 441, 131 N. W. 647, Ann. Cas. 1913A, 341.

In the above cases the property attached was real estate. The

lien thereon existed at the time of the debtor's death. In the case before us, the property upon which appellant claims a chattel mortgage lien came into existence many months subsequent to the death of the mortgagor. The crops were no part of the realty and, in the absence of the provision of the mortgage above quoted, appellant would have no lien whatever thereon. This, as previously stated, is fully recognized by counsel. Chelswick could not have given a valid chattel mortgage upon property which could not, in the very nature of things, have accrued to him, although the same was certain to come into existence. Upon his death, the real estate descended to his heirs who immediately became entitled to receive the issues and profits arising therefrom. McMaster v. Emerson, 109 Iowa 284, 80 N. W. 389, lends some support to this conclusion. None of the recent decisions of this court involving controversies as to the priorities of liens cited by appellant are in point in this case. The correctness of the conclusion reached herein that appellant did not have a lien upon the crops involved would seem to be obvious. The judgment is affirmed.—Affirmed.

CLAUSSEN, C. J., and ANDERSON, MITCHELL, and KINTZINGER, JJ., concur.