WOODS & WOODS v. J. I. CASE THRESHING MACHINE COMPANY, Appellant.

**Agency:** COMMISSION CONTRACT: CONSTRUCTION. In this action to recover commissions for the sale of machinery the contract is held to provide for commissions to the agent on all sales to purchasers furnished by them, whether in fact closed by plaintiffs or through other agents for defendant.

**Same:** RIGHT OF RECOVERY. The right to commissions earned by an agent under his contract can not be made to depend on the outcome of some deal made by the principal in the agent's territory without his approval.

**Same:** EVIDENCE. A commission certificate issued by the principal for a sale to a purchaser whom the agents procured, but refused because of a condition imposed upon its payment, was admissible to show the construction placed by the defendants on the agency contract.

**New Trial:** NEWLY DISCOVERED EVIDENCE. Alleged newly discovered evidence to the effect that the person to whom the principal made a sale never talked with the agents about purchasing was not sufficient to authorize a new trial, where by the showing made the witness was always ready to state the facts, his residence was

accessible and known to the party applying for a new trial, and no effort had been made previously to secure his evidence.

*Appeal from Dickinson District Court.*—Hon. A. D. Bailie, Judge.

Friday, April 5, 1912.

Suit to recover commissions. Trial to a jury, and verdict and judgment for the plaintiffs. The defendant appeals.—*Affirmed.*

*V. A. Arnold* and *Cary, Upham & Black,* for appellant.

*Francis & Owen,* for appellees.

Sherwin, J.—The plaintiffs were the defendant's duly appointed agents for the sale of machinery at Milford, Iowa, for the seasons of 1906 and 1907, and under their contracts of agency they were to receive commissions on all machinery "sold, duly settled for. and delivered within the proper territory, by or through the agency of the said agent." The plaintiffs pleaded their agency for the territory of Milford, and that they furnished to defendant, as a prospective purchaser of a threshing machine engine, one Wm. Hennick, who did, during the life of the 1906 contract, purchase of said defendant such engine at the list price of $1,400; and that during the life of the 1907 contract they furnished a prospective purchaser to whom the defendant sold a threshing machine separator, a feeder and a stacker and extras, the whole amounting to $855. The defendant, in answer, denied that it had agreed to pay plaintiffs commissions upon all threshing machine engines sold, or for which plaintiffs should furnish a purchaser, under the contracts. Defendant expressly admitted that

Wm. Hennick bought of it, during the life of the 1906 contract, a threshing machine engine at the list price of $1,425, but denied that plaintiffs furnished said Hennick to defendant as a prospective purchaser of said engine, or that they are entitled to commissions on said sale. The defendant also admitted that it sold the separator, feeder and stacker, as alleged in the second count of the petition, but denied that plaintiffs furnished to said defendant the purchaser thereof. The case was tried on these issues, and the jury specially found that the plaintiffs were entitled to recover commissions on both of these sales, and found a general verdict for the plaintiffs for $241. Appellant contends that plaintiffs are not entitled to these commissions, because they did not sell the engine to Hennick, and the separator and other machinery to Clark. A sufficient answer to this contention would be that such an issue was not made in the defendant's pleading.

But, aside from that, the contract clearly contemplated, and, in fact, provided otherwise. It required the plaintiffs to diligently canvass for purchasers, "and to sell and deliver no machinery in any case except upon the written order of the purchaser, to be made on the contract form, in duplicate, duly accepted by the company at its home office in Racine, Wis. . . . to take a written order for every sale of machinery, whether for cash or notes, upon the company's order blank . . . which shall be mailed to the company for its acceptance;" "not to sell, canvass for or be interested in the sale of threshing machines, etc., except of said company's manufacture." And then, again, the the contract expressly says that commissions will be paid for each engine, etc., "sold, duly settled for, and delivered within the proper territory by or through the agency of said agent, and not otherwise." In our judgment these provisions of the contract clearly provide for commissions to the agents on all sales to purchasers furnished by them,

1. AGENCY: commission contract: construction.

whether the sales were, in fact, made by the agents or by the defendant through other agents. This was the thought of the trial court, and the instructions were in accord therewith. And, when the plaintiffs had fully complied with their undertaking under the contract, they were entitled to commissions. *Davis v. Muber,* 119 Iowa, 56.

The evidence fully justifies the finding of the jury that the efforts of the plaintiffs were the procuring causes of both of these sales.

The defendant recognized this as to the Hennick sale, because it voluntarily sent to the plaintiffs a commission certificate for the commission thereon, to wit, $140. But

2. SAME: right of recovery.

plaintiffs refused to accept such certificate, because its payment was made dependent upon the receipt of payment for a second-hand engine taken from Hennick on the purchase price of the new engine, and which second-hand engine was sold by the defendant to a third party. The plaintiffs had nothing to do with the second-hand engine, as to either transaction in which it figured. Their commission was due when they furnished a purchaser who was satisfactory to the defendant, and they were not bound to rely upon the outcome of some deal the defendant made without their approval.

There was no error in admitting evidence of the issuance to the plaintiffs of this commission certificate, for the reason that it tended to show the defendant's own

3. SAME: evidence.

construction of the contract, and also to show that it understood that Hennick was a purchaser procured through the efforts of the plaintiffs. The jury properly found that the continued work of the plaintiffs procured these two purchasers, and a different finding would have been against the weight of the evidence.

Defendant asked for a new trial on the ground of newly discovered evidence, but this was overruled. The showing made was that Hennick would testify that he had never talked with plaintiffs about the purchase of a Case

engine.    Hennick lived within twenty-five miles of Des

**4. NEW TRIAL:** Moines, as we understand the record, when
**newly dis-** he bought the engine.    The defendant knew
**covered**
**evidence.** him, and knew where he lived at the
time of the trial.    They did not call him as a witness,
or give any excuse for not doing so.    One of the defend-
ant's counsel, after the trial and verdict, made an affidavit
to the effect that at the time of the trial he did not know
that Hennick would so testify.    There was no showing
that the defendant did not have such information.    Nor
was there any showing tending to exonerate the defendant
from negligence in not learning the facts from Hennick,
whose affidavit shows that he was willing to state the facts
at any time.    Naturally one of the first things to be done
in preparing for such trial would be to learn the facts
from the purchaser of the property, on the sale of which
the commission was claimed.    Nothing of this kind was
done by the defendant, and it was therefore negligent, and
not entitled to a new trial.

We find no reason for reversing this case, and it is
*affirmed.*