# FIRST NATIONAL BANK OF APPELTON, Minnesota, a Corporation, Appellant, v. WILLIAM GALLINGER, Respondent.

(182 N. W. 695.)

**Bills and notes — evidence of want of consideration held admissible as to execution of note.**

In an action upon a promissory note, where the plaintiff alleged that it was a holder in due course, and the defendant, having interposed a general denial, relied upon nonexecution as a defense, it is *held*:

1. Evidence showing that there was no consideration for the instrument in question has a circumstantial bearing on the issue of execution, and was properly admitted.

**Bills and notes — other transactions held admissible on issue of execution of note sued on.**

2. Where a witness for the plaintiff testified to the execution of the instrument by the defendant, evidence of the transaction out of which the note is claimed to have arisen and other transactions taking place at the same time between the witness and the defendant are admissible for their bearing upon the issue of execution.

**New trial — properly denied for newly discovered evidence of unnamed experts in handwriting.**

3. Where the pleadings form an issue as to the execution of an instrument, and where upon the trial this issue was fairly presented upon contradictory evidence, it is *held* that the trial court did not abuse its discretion in denying a motion for a new trial on the ground of newly discovered evidence consisting of the testimony of unnamed experts in handwriting.

**New trial — newly discovered evidence of journal entry of bank, payee of note sued on, held no ground.**

4. The denial of a motion for a new trial on the ground of newly discovered evidence consisting of an entry of the note in suit upon the "Journal" of the payee bank was a proper exercise of discretion.

Opinion filed April 20, 1921.

Appeal from the District Court of Ramsey County, *Burr, J.*
Affirmed.

*Cuthbert, Smythe, & Wheeler,* for appellant.

It is proper to ask questions calling for a repetition of answers where the object sought is to test the credibility of a witness. Beers v. Payment, 95 Mich. 261; Zucker v. Kareles, 88 Mich. 413; Auroro v. Hillman, 90 Ill. 61; Jones v. Stevens, 36 Neb. 849.

"The rules that a new trial will not be granted for newly discovered evidence where such evidence is merely cumulative is not applicable to a case where testimony is corroborative of a party to the action who is his own principal witness." Sherman v. Dolan, 123 N. W. 72.

"Where it is evident that the trial proceeded on an erroneous view of the law, a new trial is properly granted." 20 R. C. L. 227; Adams v. Clark, 9 Cush. 215, 57 Am. Dec. 41.

"And in very intricate and doubtful cases, notwithstanding the finding of a jury, the court will, in the exercise of its extraordinary discretion, order a new trial in some cases for the better attainment of justice." 20 R. C. L. 227; Brown v. Frost, 2 Bay (S. C.) 126, 1 Am. Dec. 633; Pursley v. Hayes, 22 Iowa, 1, 92 Am. Dec. 350.

*Rollo F. Hunt* and *Flynn, Traynor, & Traynor,* for respondent.

BIRDZELL, J. This is an action by the holder to recover on a promissory note for $1,500. There was a verdict and judgment for the defendant. The appeal is from the judgment and from the order of the trial court denying a new trial.

The complaint sets forth a copy of the note as follows:

St. John, North Dakota, Sept. 10, 1917.

October 15th, 1918,        after date I promise to pay to the order of Rolette County Bank fifteen hundred and no/100 dollars, at the

Rolette County Bank, St. John, North Dakota.   Value received, with interest at the rate of ten per cent per annum.

P. O. ————————                              William Gallinger.

It then alleges that before the maturity of the note the payee bank, for a valuable consideration, transferred the same to the plaintiff, and that the plaintiff became the holder in due course of business before maturity and without notice of any defenses.  The answer put in issue all allegations except the corporate character of the plaintiff bank and the payee bank.  Upon the trial the plaintiff made out a prima facie case by the testimony of one T. J. Clifford, who was president of the Rolette County Bank at the time of the transaction, and by the testimony of C. M. Krebs, president of the plaintiff bank.  Clifford testified to the execution of the note in suit by the defendant, and, upon cross-examination, explained the transaction giving rise to the note in substance as follows:

The father of the defendant for some years operated a farm near St. John.  He had contracted indebtedness with the Rolette County Bank, secured by mortgages on his land.  To avoid foreclosure he had deeded the land to the bank, and the bank, in order to escape the appearance of carrying an excessive amount of real estate as assets, had deeded the land to the defendant.  Clifford explained that, with the land in the defendant's name, a first-mortgage loan of $2,000 was placed on it; also a second loan of $1,500 to clean up coupons and taxes.  He stated that the note in suit evidenced this $1,500 loan.  These loans being placed against the land in the name of the defendant, it was then reconveyed to the bank, so that in reality the whole transaction, so far as the defendant is concerned, was for the accommodation of the bank in making it appear to hold live mortgages against the land in question as assets, rather than the land itself, which it in fact owned.  The "loans" were mere paper transactions.  Clifford testified that the defendant received nothing whatever for the note.

The defendant farmed the land until the season of 1918, and while so farming it maintained business relations with the Rolette County Bank.  He denied having executed the note in question, claiming that

on the date borne by it he executed another note for $700; also a chattel mortgage securing the same, at the same time paying over some cash in settlement of all his transactions with the bank. At the trial he produced the $700 note which he had paid to the holder, the First National Bank of Pipestone, Minnesota, ten days before maturity.

Several witnesses were produced on behalf of the defendant to impeach Clifford by showing his bad reputation for truth and veracity; and on behalf of the plaintiff in an attempt to show that on different occasions when the note had been presented to the defendant in efforts to collect it, he had not claimed it to be a forgery.

The assignments of error argued upon this appeal are so numerous that it is impracticable to consider them individually. They are principally concerned with rulings upon the admission and exclusion of evidence, and with the ruling of the trial court in denying the motion for a new trial on the ground of newly discovered evidence.

It is contended that the court erred in permitting the defendant, during the cross-examination of Clifford, to establish the latter's connection with a corporation known as the Farmers National Live Stock Company, and to show that some of the bank's paper was disposed of through that organization. While the defendant did not succeed in establishing any connecting link between the Farmers National Live Stock Company and the transaction in question, we fail to see wherein the plaintiff could have been prejudiced by showing Clifford's relations with that company. There is nothing in the record showing that that company is in any way discredited. Furthermore, in instructing the jury, the court carefully narrowed the issue for their determination to the one question of the genuineness of the signature on the note. So, even though the court erred in allowing the defendant to attempt upon cross-examination to establish Clifford's connection with the Farmers National Live Stock Company and that company's connection with the business of the Rolette County Bank, we cannot regard the error as prejudicial.

In a number of assignments, error is predicated upon rulings of the court admitting evidence of lack of consideration for the note; also evidence of other transactions taking place concurrently with the alleged transaction. It is argued that inasmuch as the plaintiff had assumed and sustained the burden of proving that it was a holder in

due course, evidence of lack of consideration should not have been admitted at all, as it would not establish a defense and its only effect would be to prejudice the jury. We are of the opinion that it was proper to place before the jury both the testimony relating to the transaction which gave rise to the note in suit and the testimony relating to other transactions between the same parties at the same time for their circumstantial bearing upon the question of execution. The scope of examination on this issue is well stated in 8 C. J. pp. 1028, 1029, as follows:

"Where the contention is that defendant did not execute the instrument or that it is a forgery, evidence tending to support it or to show the contrary is admissible, including *circumstantial evidence, such as evidence of facts and circumstances surrounding the parties and attending the giving of the instrument.* And evidence of defendant as to whether he signed it is of course admissible. . . . .

"Evidence to show a state of affairs which would render it probable or improbable that the instrument was executed by defendant is admissible. Thus for that purpose evidence of dealings between the parties is admissible, such as evidence that at the date of the note other transactions took place between the parties which render it improbable that the note was executed and which are inconsistent with its execution. So evidence is admissible to show the relation between defendant and the person claimed to have committed the forgery. . . .

"So evidence that defendant was not indebted to plaintiff at the time the note was executed is admissible as tending to show that he did not execute the note."

The evidence complained of falls cleary within the legitimate range of inquiry on the issue of execution; and if it be conceded that its tendency in the instant case was to arouse sympathy for the defendant, it should not have been excluded on that account. The record shows that the trial court took great pains to caution the jury against finding in favor of the defendant merely because he had received nothing from the Rolette County Bank. After a careful reading of the entire testimony and the instructions given, we are of the opinion that no error prejudicial to the plaintiff was committed, and that the plaintiff was given the benefit of a fair trial.

The remaining specifications relate to the insufficiency of the evi-

dence to sustain the verdict and to the sufficiency of certain newly dis-covered evidence as a ground for a new trial. We are of the opinion that there is ample substantial evidence in the record to warrant the submission to the jury of the question of the genuineness of the sig-nature of the defendant. The defendant not only denied that he signed the note, but proved a set of circumstances consistent with the non-execution of the instrument. While the plaintiff's chief witness, Clif-ford, swore that he did sign it, he was not so prone to remember the admittedly genuine, concurrent transaction relating to the $700 note; also he was rather effectively impeached as to his truth and veracity generally.

The newly discovered evidence stated in the affidavit in support of the motion for a new trial was principally that of two unnamed ex-perts, who, it is claimed, would give testimony favorable to the plain-tiff on the issue of genuineness. Evidence of this sort is not general-ly of such a satisfactory character that a court would be warranted in granting a new trial for the sole purpose of receiving it. Besides, in the instant case the showing of diligence to procure the evidence at the original trial is weak.

In so far as the motion is supported by alleged newy discovered evidence of an entry of this note in the bank's "Journal," we are of the opinion that it is wholly without merit. The entry, if admissible at all, would only have a circumstantial bearing on the main issue. Whatever knowledge the plaintiff might have had with reference to the defendant's contention of forgery, there can be no doubt it had long known that he claimed he had received nothing for such a note. The knowledge gained through the efforts made to collect this note clearly indicated the importance of all evidence relating to the transaction, which would, of course, include evidence of the character of that now made the basis of the motion. We are of the opinion that the trial court did not abuse its discretion in denying the motion for a new trial. The judgment and order are affirmed.