IN RE ESTATE OF LILLIE M. BERRY.

JOHN SOUTHHALL, Appellant, v. ESTATE OF LILLIE M. BERRY et al., Appellees.

FEBRUARY 5, 1929.

*Burgess & Gill*, for appellant.

*Stewart & Hatfield*, for appellees.

ALBERT, C. J.—The claimant herein, John Southhall, and Lillie M. Berry were brother and sister. He resided in North Dakota, and she in California. Ancillary administration was taken on her estate in this state, and John Southhall filed a claim in said estate for the sum of $2,500, which he claimed was money loaned to

the said Lillie M. Berry during her lifetime, his claim being that she wished to buy a home in California, and applied to him for a loan with which to pay for the same; that he accommodated her with a loan of $2,500 in three different installments, which she promised to repay to him. Any further facts necessary to the determination of the questions involved will be stated as the opinion progresses.

The claimant asked two instructions which were refused by the court, and an entry was made: "Claimant duly excepts to each of said instructions." This is not a sufficient exception, under the present law of Iowa, Section 11495, Code of 1927.

He also objects to certain of the instructions given; but, as no exceptions whatever were taken, there is nothing for us to consider, under this claimed error. Exceptions to instructions cannot be raised for the first time on appeal. *Seitsinger v. Iowa City Elec. R. Co.*, 181 Iowa 739; *Powers v. Iowa Glue Co.*, 183 Iowa 1082; *Wine v. Jones*, 183 Iowa 1166.

A certain exhibit was introduced in testimony, and an effort was made to have a witness explain the meaning of the same. A running debate was then conducted between counsel and the court in relation thereto, the court finally saying, "I don't think there is any ambiguity in it." Appellant complains of this and similar remarks made by the court during this debate, and now assigns the same as prejudicial error.

No exception whatever was taken to the remarks of the court, without which there can be no question raised regarding it on this appeal.

It is the claim of the claimant that the real defense was concealed until the time of the trial. As stated, the claim of the plaintiff was that he loaned this money to the deceased, and she 2. PLEADING: general denial: permissible evidence. promised to repay the same. The defendant's answer was a general denial. Under this denial, the administrator was entitled to prove anything that negatived the claim of the plaintiff; and his claim was that the money was not borrowed under a promise to repay, but the money sent to her was money which was derived from a business conducted by the claimant in which the deceased had an interest. There can be no question that the administrator was entitled to prove this claim,—to wit, that the money was the decedent's own money, derived from a business in which she was

608

interested with the plaintiff,—as that, of course, would tend to negative the claim of the plaintiff that the money was loaned to her; and since the administrator had this right, the claimant cannot claim that he was surprised, or that the defense was concealed.

More than this, if there were a new issue injected into the case that was not there under the issues as originally made, the defendant's right was to ask for a continuance of the case, and on failure so to do, he waived such right. Further than this, the question arose in this way: The husband of Lillie M. Berry wrote to John Southhall, stating, in substance, that he understood that his wife had an interest in Southhall's business in North Dakota; and in response to this letter, Southhall wrote him, inclosing a statement of account with Lillie M. Berry, covering a period from February, 1906, to November 30, 1922. In this account were three charges corresponding to the three different remittances claimed to have been made by Southhall to Lillie M. Berry. Plaintiff's claim now is that this was a surprise to him, and that he did not have his books of accounts with him; that they were at his home in North Dakota. If he had such matters in his books at home which would have been useful to him in relation to this matter, no doubt the court would have given him time to get such evidence, had he so requested; and since he failed so to do, it is too late for him to now complain.

One of the grounds of the motion for a new trial was newly discovered evidence. Attached to this motion were certain affidavits, to which plaintiff attached a copy of his ledger account with Lillie M. Berry, showing amounts paid to her, and also the affidavit of one Jennie Williams (who, by the way, was his witness, used on the trial of the case), by which she offers to testify to facts tending to show that Lillie M. Berry had no interest in the North Dakota business; also, an affidavit by one McGraw, in which he gave testimony that he at one time owned a mortgage which later became the property of Lillie M. Southhall (Berry), and later paid $500 thereon to John Southhall; and further, that Lillie M. Southhall (Berry) made statements to him in 1906 which tended to show that she never had any interest in the elevator in North Dakota with her brother, John Southhall;

also an affidavit by A. A. Ihde, the contents of which are not material to any matters involved herein; also an affidavit by John Southhall, in which he says that Lillie M. Berry purchased a part interest in the elevator owned by a brother of John's. The affidavit generally is devoted to an explanation of the credits shown on the copy of the ledger account with Lillie M. Berry, and further deposes that Lillie M. Berry had no interest in his (John's) business at Berlin, North Dakota.

The claimant was familiar with all of these matters, and knew of them before the close of the trial. Some of them are merely cumulative, and others are matters which he should have learned from his witnesses when he had them in court. It is the duty of the party seeking a new trial on the ground of newly discovered evidence to satisfy the court that he acted diligently, and was not negligent in failing to discover and produce this testimony. This rule is too familiar in this state to require citation of authority. The later cases in this court on this question are *Patton v. Incorporated Town of Sanborn*, 133 Iowa 650; *Woods & Woods v. Case Threshing Mach. Co.*, 155 Iowa 177; *Becker v. Incorporated Town of Churdan*, 175 Iowa 159. In the last case, the rule is recognized that, where plaintiff has a witness in court, testifying, the fact that he may discover afterwards something new to which he did not testify is not a ground for a new trial. Further than that, it is the well recognized rule in this state that, before a new trial will be granted on these grounds, it ought to appear that there are reasonable grounds to believe that a different result would be reached on a retrial. *Lundon v. Waddick*, 98 Iowa 478; *Buchholtz v. Incorporated Town of Radcliffe*, 129 Iowa 27; *Clements v. Stapleton*, 136 Iowa 137; *Bailey v. City of LeMars*, 189 Iowa 751; *Henderson v. Edwards*, 191 Iowa 871.

We do not feel that the showing here made is sufficient to reverse the lower court because of its refusal to grant a new trial.

Of course, in the trial of the cause, the claimant was limited in his testimony, by reason of Section 11257, Code of 1927. He had introduced testimony of other witnesses who testified to  having been present when a conversation took place at his home between him and his sister, Mrs. Berry, at which, these witnesses testified, she told him that she wished to buy a home in

California, and asked him to loan her the money with which to purchase the same, and she would repay him. In his direct examination, his counsel asked him the following question:

"You may state whether, at the visit of Mrs. Berry at your home in December, 1921, she made any statement, or whether you had any conversation with her regarding acquiring a home for herself and husband in Los Angeles."

Objection was made and sustained to this question, and it is now urged that this ruling was erroneous. It is claimed that it does not violate Section 11257. The fact that these people may have had a conversation at that time might have a tendency to corroborate the other witnesses who testified to such conversation, but that is the most that can be said for it. The trouble with the question is that it did not stop at this point, but went further, and asked for a conversation with a person then deceased, regarding acquiring a home for herself and her husband in Los Angeles, in violation of Section 11257 of the Code. No harm would have been done, had the court permitted this question to be answered; but his refusal to allow it to be answered is not prejudicial, as we view the case.

Some minor questions are raised, that we do not deem of importance.

We have reviewed the whole record, and are satisfied that it contains no prejudicial error.—*Affirmed.*

EVANS, STEVENS, FAVILLE, and WAGNER, JJ., concur.

KINDIG, J., takes no part.