BISHOP *v.* GAUDIO.

1. DAMAGES—EXCESSIVE VERDICT—INJURIES TO FIVE-YEAR OLD GIRL.
    Verdict of $5,000 for personal injuries to five-year old girl *held,*
    not excessive where they consisted of ruptured bladder, com-
    pound fracture of right arm, fractured clavicle and tearing it
    from sternum and dislocating it in part, and other cuts, bruises
    and injury to left chest, and injuries produced extreme nervous-
    ness, loss of control of urine, deformed shoulder and a scar on
    her forehead and she now suffers from pyelitis.

2. EVIDENCE—HYPOTHETICAL QUESTIONS—PERSONAL INJURIES—FAM-
    ILY HISTORY.
    Hypothetical question by plaintiff to medical experts was not
    improper, which embraced evidence relative to injuries to five-
    year old girl but did not include family history.

3. APPEAL AND ERROR—CURING ERROR—PERMANENT INJURIES.
    Error, if any, in admission of testimony as to future probable
    consequences of injuries to five-year old girl, inclusive of possi-
    ble effect on pregnancy, was cured by instruction to jury that
    permanent injuries must be established as a reasonable cer-
    tainty.

4. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
    Motion for new trial based on newly-discovered evidence acquired
    through examination of plaintiff infant by doctors in a subse-
    quent case brought to recover expenses after claim of appeal
    herein was filed, was properly denied where doctors examined
    her at time of trial.

Appeal from Superior Court of Grand Rapids;
Brown (William B.), J., presiding. Submitted Janu-
ary 5, 1934. (Docket No. 80, Calendar No. 37,560.)
Decided March 6, 1934.

Case by Cornelius H. Bishop, as guardian of
Gladys Bos, minor, against Harold Gaudio and
others for personal injuries to plaintiff's ward due

to conceded negligence of defendants. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Louis H. Grettenberger,* for plaintiff.

*Dunham & Sherk,* for defendants.

Wiest, J. This action was brought to recover damages for personal injuries to a girl five years of age, occasioned by the conceded negligence of defendants in the operation of a truck upon a public highway. Defendants prosecute an appeal from a judgment of $5,000, claiming it to be grossly excessive and aver errors upon the trial.

The little girl received a compound fracture of the right arm, fractured clavicle, ruptured bladder, tearing of the clavicle from the sternum and dislocation thereof in part, cuts, bruises, and injury to her left chest. Her injuries produced extreme nervousness, loss of control of urine, slight deformity of the shoulder caused by fracture and shortening of the clavicle. She suffered pain, mental and physical, has a scar upon her forehead, cannot retain urine at night or while about during the day and has pyelitis, which latter may be cured or may develop into something more serious, and she has become morose.

On examination of the record and considering the injuries received by the little girl, and consequent suffering, we cannot hold the verdict grossly excessive.

The father of the little girl is unknown, the mother was committed to the home for the feeble-minded at Lapeer and she has been sterilized. It also appears that the step-grandmother has borne eight children to the grandfather, one of whom had what is known

as encephalitis, or sleeping sickness, and another had infantile paralysis.

In hypothetical questions to medical experts counsel for plaintiff incorporated the evidence relative to injuries received by the little girl and alleged consequences thereof, but did not include the history of her mother and the two mentioned children of the step-grandmother, and counsel for defendants allege it was error to permit an answer without such history being stated. There is no merit in the point. In *Re Rosa's Estate,* 210 Mich. 628, 640, Mr. Justice SHARPE, speaking for the court, stated:

"A hypothetical question need not include all of the facts concerning which testimony has been given. The opinion of the witness may be taken on any combination of facts which counsel may believe the jury will find to be established by the proofs."

Cross-examination enables opposing counsel to call upon the witness to make answer with the additional assertions of fact included.

Testimony was admitted as to future probable consequences inclusive of a possible effect upon pregnancy. It is true that such testimony did not establish reasonable certainty of such consequences but the error, if any, in its admission, was rendered harmless by the following instruction to the jury:

"In order to find that there are permanent injuries, permanent physical injuries, such injury must be established by a medical witness who can say with reasonable certainty that the injury will exist throughout the future life of the individual; it must not be a case of speculation or conjecture, but it must be based upon reasonable certainty. * * *

"There is no element of pain and suffering in the case that would be for future damages; there is no

element for loss of wages for future damages; the only question is, if there is a deformity, if there is some resultant mis-shape of the girl that would cause her to be humiliated, embarrassed or to have mental chagrin on account of it, or scars or something of that kind, then this computation of future damages is computed by the year.''

The instruction followed our holding in the case when it was here before. *Bishop* v. *Gaudio,* 263 Mich. 65.

Defendants moved for a new trial and it was denied. After claim of appeal was filed the little girl was examined by doctors in a case brought by her grandfather to recover expenses, and a motion for new trial was then made, based upon this examination and what doctors would testify to her then condition, on the ground that it was newly-discovered evidence. At the trial medical experts were afforded opportunity to, and did examine the little girl and gave their testimony. We do not consider the showing made one of newly-discovered evidence.

We find no reversible error and the judgment is affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.