Velda Smart, Appellant, v. George R. Liddle, Administrator, et al., Appellees.

No. 45183.

December 10, 1940.

Rehearing Denied March 14, 1941.

Wm. W. Crissman and Robert F. Milota, for appellant.

J. U. Yessler, for appellees.

Bliss, J.—The plaintiff, a young lady about 22 years old, was employed as a housemaid in the home of decedent and his wife. She began work in the last days of December 1937. Decedent's wife was not well and died on January 29, 1938. Plaintiff alleges that on the following day decedent proposed to her that if she would continue on as his housekeeper and take care of him in the event of his sickness, until his death, in the immediate future he would either make proper transfer or conveyance of all of his property to her, including assignments of his insurance policies, or execute a will devising and bequeathing all of his

property to her at his death, and that she accepted the proposition and performed the contract on her part until his death on May 30, 1938. Just how he died or how old he was does not appear. He had no children and no known relatives except the defendant Herndon, who was a second cousin. He made no transfer of his property to her, and no instruments of conveyance or will were found among his effects. Plaintiff's mother testified that she was present and heard the contract made, and also testified to corroborating admissions of decedent thereafter. Plaintiff's father testified that decedent made similar admissions to him and procured his consent to the arrangement, all by telephone conversation. Plaintiff collected her wages until decedent's death, and also accepted a week's pay from the administrator for services performed after decedent's death. When asked by the administrator and others after decedent's death what property in the home was hers, she replied that she had only her clothes and a set of dishes decedent had given to her. As grounds for a new trial, plaintiff attached the affidavit of a man who stated therein that on "at least two occasions" decedent had told him in substance that "he (Herman) had a girl there in the house, Velda Smart, who had been there before his wife's death, and whom they had liked very much and who was staying on keeping house for him, and that he had agreed with Velda Smart that she was to be the beneficiary of his estate upon his death." Defendants filed counteraffidavits in their resistance to the motion stating that plaintiff's affiant had a bad reputation generally and for truth and veracity, and was an ex-convict. We have read the abstract of testimony filed, and the record made affords very weak support for plaintiff's claim. The trial court has a large discretion in a matter of this kind and we find no evidence that it has been abused in the denial of this motion. The newly discovered evidence was wholly cumulative. In our judgment it is not reasonably probable that it would change the result on a new trial. See Larson v. Meyer & Meyer, 227 Iowa 512, 288 N. W. 663, and Danner v. Cooper, 215 Iowa 1354, 246 N. W. 223, where the authorities are reviewed. Because of our affirming judgment, we do not find it necessary to pass upon appellees' motion to dismiss the appeal.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.